IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CANNING | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-774 |
| UNITED STATES OF AMERICA, | : | |
| ET AL. | : | |

**SURRICK, J.**                                                                                                          **OCTOBER 25 , 2012**

## MEMORANDUM

Presently before the Court is Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction.  (ECF No. 32.)  For the following reasons, the Motion will be granted.

**I.      BACKGROUND**

Plaintiff Michael Canning brings this action against Defendants United States of America, United States Postal Service ("USPS"), US Systems Plus Inc, ("US Systems"), and Cintas Corporation ("Cintas"), for injuries allegedly suffered when he slipped and fell at a United States Post Office in Philadelphia, Pennsylvania.  (Am. Compl. Ex. A, ECF No. 18.)  Plaintiff alleges that the accident took place on July 9, 2009.  (Am. Compl. ¶ 9.)

On May 7, 2010, Plaintiff filed the mandatory claim form, Standard Form 95 ("SF-95") with the USPS.  (Am. Compl. ¶ 7 & Ex. A ("SF-95"); *see also* Gov't's Br. Ex. 3, ECF No. 32.)  On his SF-95, Plaintiff alleged he slipped and fell at a USPS facility located at 8232 Frankford Avenue, and that he sustained injuries to his neck, back, right hip, right knee, and right upper leg.  (SF-95 at §§ 8, 10.)[1]  Plaintiff alleged damages in the amount of $1,000,000.  (*Id*. at § 12b.)  On

---

[1] The facility located at 8232 Frankford Avenue is referred to as the "Holmesburg" post office.

November 10, 2010, the United States denied Plaintiff's claim after finding no evidence of an accident at the 8232 Frankford Avenue facility. (Am. Compl. ¶ 8; *see* Gov't's Br. Ex. 4.)

On February 1, 2011, Plaintiff filed a Complaint alleging a single negligence claim against Defendants United States, USPS Headquarters, and USPS Holmesburg Postal Store under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*. ("FTCA"). (Compl., ECF No. 1.) The Complaint alleged that Plaintiff sustained an injury at the post office located at 7303 Frankford Avenue. This is a different postal facility than the one listed on Plaintiff's SF-95. (*Id*. at ¶ 8.)[2]  On May 6, 2011, the United States filed an Answer to the Complaint. (Gov't's Ans., ECF No. 8.) Believing that the reference to 7303 Frankford Avenue must be a clerical error, the United States answered the Complaint as though the accident occurred at 8232 Frankford Avenue. (*Id*.; *see also* Gov't's Br. 3.) On January 31, 2012, Plaintiff filed an Amended Complaint. (Am. Compl.) The Amended Complaint alleges a negligence claim and adds two additional Defendants: US Systems and Cintas. (*Id*.)[3]  Plaintiff again alleges that the accident occurred at the 7303 Frankford Avenue facility, and incorrectly refers to this facility as the Holmesburg post office. (*Id*. at ¶ 9.) On February 24, 2012, the United States filed an Answer to the Amended Complaint. (Gov't's Ans. to Am. Compl., ECF No. 21.) The United States asserts that it operates a post office located at 8232 Frankford Avenue, known as the "Holmesburg Station Finance Unit, where, according to Plaintiff's SF-95, the subject accident allegedly

---

[2] The post office located at 7303 Frankford Avenue is referred to as the "Mayfair" post office. (Gov't's Br. 3.) Plaintiff mistakenly refers to the facility located at 7303 Frankford Avenue as the Holmesburg post office.

[3] Plaintiff alleges that US Systems was responsible for cleaning and maintaining the floors of the post office at 7303 Frankford Avenue, and that Cintas Corporation was responsible for supplying and placing the floor mats at that post office. (Am. Compl. ¶¶ 2, 3.)

occurred." (*Id*. at ¶ 3.)

On March 29, 2012, the United States filed the instant Motion to Dismiss the Amended Complaint. (Gov't's Mot., ECF No. 32; *see also* Gov't's Br.)[4] The United States argues that the Court lacks jurisdiction because Plaintiff failed to exhaust his administrative remedies under the FTCA. On April 4, 2012, Plaintiff filed a Response in opposition to the Motion. (Pl.'s Resp., ECF No. 34.) On April 5, 2012, the United States filed a Reply. (Def.'s Reply, ECF No. 35.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires that a court grant a motion to dismiss if the court lacks subject matter jurisdiction over the case. Fed. R. Civ. P. 12(b)(1). Challenges to subject matter jurisdiction under Rule 12(b)(1) may be either facial or factual. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). If a defendant brings a facial attack, which addresses a deficiency in the pleadings, the court confines itself to the pleadings and views the allegations in the light most favorable to the plaintiff. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). A Rule 12(b)(1) motion that brings a factual attack challenges the factual underpinnings of the court's jurisdiction. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) ("[A] factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" (quoting *Pa. Shipbuilding Co.*, 473 F.3d at 514)). If a defendant presents a factual attack on the court's jurisdiction, there is "no presumption of truthfulness [that] attaches to the pleadings," and the court is free to review

---

[4] The Motion to Dismiss also included requests to stay discovery and stay the scheduled arbitration, pending resolution of the Motion. (Gov't's Br. 8-9.) On May 3, 2012, we entered an Order granting the requests by the United States and staying discovery and the scheduled arbitration until further order of the Court. (*See* ECF No. 38.)

3

evidence outside of the pleadings. *Pa. Shipbuilding Co.*, 473 F.3d at 514.

The United States brings a factual attack on subject matter jurisdiction. It contends that Plaintiff has failed to satisfy the jurisdictional prerequisites of the FTCA. Consequently, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000).

### III.   DISCUSSION

The United States seeks dismissal of Plaintiff's Amended Complaint for lack of jurisdiction pursuant to the FTCA. Section 2675(a) of the FTCA states that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified mail.

28 U.S.C. § 2675(a). The requirement that a plaintiff file an administrative claim prior to bringing suit is jurisdictional and cannot be waived. *McDevitt v. United States Postal Serv.*, 963 F. Supp. 482, 484 (E.D. Pa. 1997) (citing *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Third Circuit strictly construes this limited waiver to sovereign immunity. *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003); *Livera*, 879 F.2d at 1194 ("Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed."). A plaintiff seeking to bring a tort action against the United States must present the claim to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). This is accomplished initially by the filing of a "Standard Form 95 - Claim for Injury or Death" ("SF-95") with the appropriate agency. The complaint must also be filed within six months of the notice of final denial of the claim by the

agency to which the claim was presented. *Id*.

In order to satisfy the notice requirement of section 2675, a claimant's SF-95 form must include (1) sufficient information to allow the federal agency to investigate the claim, and (2) the amount of damages sought. *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982). The purpose of the notice requirement is to ease court congestion and to allow the federal agency the opportunity to investigate the claim and decide whether it wants to settle or defend the claim. *Id.* at 958; *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980); *see also Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000) ("The test is an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement."). Thus, a claim under section 2675 constitutes the "requisite minimal notice," and must include "the circumstances of the accident" in order to allow the federal agency the opportunity to investigate the claim. *Tucker*, 676 F.2d at 958. When assessing whether notice is adequate, courts place an "emphasis [ ] on the agency's receipt of information: it must have enough information that it may reasonably begin an investigation of the claim." *Santiago-Ramirez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 19 (1st Cir. 1993). "Although an administrative claim need not propound every possible theory of liability in order to satisfy section 2675(a) . . . a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts." *Roma*, 344 F.3d at 362 (citations omitted).

The United States argues that this Court lacks jurisdiction over the Amended Complaint because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.

(Gov't's Br. 1, 6.)  On his SF-95, Plaintiff mistakenly presented notice of an accident that occurred at 8232 Frankford Avenue.  (SF-95 at § 8.)  In his Complaint and Amended Complaint, Plaintiff alleges that an accident took place at 7303 Frankford Avenue.  (Compl. ¶ 8; Am. Compl. ¶ 9.)  The United States contends that the accident at 7303 Frankford Avenue was never presented as an administrative claim to the United States as required by the FTCA, and that the United States never had the opportunity to investigate and possibly resolve this claim.  (Gov't's Br. 6.)  The United States also argues that Plaintiff's reference to the 7303 Frankford Avenue facility in his Complaint and Amended Complaint does not serve to amend the administrative claim or satisfy the jurisdictional requirements of the FTCA.  (*Id*. at 6-7.)  Finally, the United States argues that the Amended Complaint should be dismissed because Plaintiff's claim is now time-barred and Plaintiff cannot at this point amend his SF-95.  (*Id*. at 8.)

Plaintiff acknowledges that he mistakenly listed the wrong address on his SF-95, but argues that this should be construed as a technical defect that does not destroy the Court's jurisdiction.  (Pl.'s Resp. 2.)  Plaintiff states that the Complaint, Amended Complaint, and motion to continue arbitration, all of which were filed subsequent to the filing of the SF-95, state that the accident occurred at 7303 Frankford Avenue.  (*Id*. at 1.)

We consider the sufficiency of Plaintiff's SF-95 "with a focus on the underlying goal of 28 U.S.C. § 2765(a) to provide a procedure under which the government may investigate, evaluate and consider settlement of a claim."  *Owen ex rel. Estate of O'Donnell v. United States*, 307 F. Supp. 2d 661, 665 (E.D. Pa. 2004) (internal quotation marks omitted).  We may construe the mistakenly referenced address as a technical defect and maintain jurisdiction over this action only if Plaintiff provided sufficient notice to enable the United States to investigate the claim and

evaluate settlement options.  *Id*.

On his SF-95, Plaintiff alleged that an accident occurred at the post office located at 8232 Frankford Avenue.  The Amended Complaint alleges an accident that occurred at an entirely different post office.  Identifying the accurate location of the accident in a notice of administrative claim is critical to enabling the federal agency to investigate that claim.  *Hause v. United States*, No. 07-5817, 2008 U.S. Dist. LEXIS 74869, at *12 (D. N.J. Sept. 26, 2008) ("Because the USPS was not given the correct location of the accident, it did not have the basic information necessary to perform a reasonably thorough investigation.").  Indeed, this is precisely the reason that the SF-95 claim form requires that claimants identify the location of the accident. (*See* SF-95 at § 8 (requiring that claimant "[s]tate in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, *the place of occurrence* and the cause thereof." (emphasis added)).); *cf Santiago-Ramirez*, 984 F.2d at 20 (notice requirement satisfied where notice included the identity of the claimant, the date and location of the incident, the type of injury involved, the government agents involved and the amount of damages requested).  With notice of an incorrect address for the "place of occurrence," the United States was prevented from investigating the claim in any meaningful way.  It could not interview staff at the appropriate post office facility, retrieve and review any incident reports, examine and take photographs of the facility, and evaluate settlement options.

The reaction of the United States to Plaintiff's SF-95 supports the assertion that it did not receive adequate notice of an accident that occurred at 7303 Frankford Avenue.  Upon receipt of Plaintiff's SF-95, the United States investigated a claim at the facility located at 8232 Frankford Avenue.  In its initial disclosures, the United States identified employees at that facility that may

have knowledge about its maintenance and layout. (Gov't's Br. Ex. 5.) The United States further disclosed that photographs had been taken of the Holmesburg facility and that US Systems was the custodial company under contract to provide maintenance services. (*Id*.) The United States identified the most appropriate witness to depose in response to Plaintiff's notice of corporate designee deposition, and coordinated the scheduling of that deposition. (*Id*. at Exs. 7, 8.) Moreover, the United States explicitly confirmed its assumption that the relevant post office was located at 8232 Frankford Avenue since that was the address listed on Plaintiff's SF-95. (*See* Gov't's Ans. ¶ 2; Gov't's Ans. to Am. Compl. ¶¶ 2, 3.) At no time prior to the commencement of discovery did Plaintiff attempt to correct the United States' representations. It was not until after the United States sent a letter on March 23, 2012 requesting that the deposition of the corporate designee take place over the telephone that Plaintiff finally notified the United States that the post office at 7303 Frankford Avenue was in fact the post office where the accident occurred, and not the post office located at 8232 Frankford Avenue. (Gov't's Br. 4-5 & Ex. 8.)

   Plaintiff asserts that by referring to the 7303 Frankford Avenue post office in his Complaint, Amended Complaint, and motion for arbitration, the United States was sufficiently put on notice of the claim to confer jurisdiction. This argument finds no support in the law. Plaintiff may not rely on the litigation process to remedy a flawed administrative claim. *See Schwartzman v. Carmen*, 995 F. Supp. 574, 576 (E.D. Pa. 1998) (rejecting the plaintiff's attempt to rely on the complaint to supplement his SF-95 with the amount of damages claimed and stating that "allowing a party to satisfy the statutory prescription by relying on the . . . complaint would invert the process outlined in the FTCA"); *Farr v. United States*, 580 F. Supp. 1194, 1196

(E.D. Pa. 1984) ("Plaintiff's argument that the complaint filed in this action should be considered as an addendum and supplement to the claim form which he filed with the agency must be rejected."). Moreover, even though Plaintiff refers to 7303 Frankford Avenue in his pleadings as the situs of the accident, he mistakenly calls that post office the "Holmesburg" post office. Thus, even if Plaintiff were permitted to rely on his pleadings to support his claim, those pleadings are inaccurate, misleading, and factually inconsistent.[5]

Based on the foregoing, we are compelled to conclude that Plaintiff did not provide adequate notice to the United States regarding the alleged accident at the Mayfair post office. *See Hause*, 2008 U.S. Dist. LEXIS 74869, at *10 (dismissing action against United States and concluding that the plaintiff failed to give adequate notice where he included an incorrect address of alleged accident on his SF-95). Since Plaintiff failed to give adequate notice to the United States, Plaintiff's action against the United States must be dismissed. Plaintiff is now time-barred from filing an amended claim. *See* 28 U.S.C. § 2401(b) (stating that a tort action against the United States must be brought within two years after the claim accrues). The accident allegedly occurred on July 9, 2009, which is well outside the two-year statute of limitations period. Accordingly, the Motion to Dismiss filed by the United States will be granted.

Having dismissed the claims against the United States, we must determine whether pursuant to 28 U.S.C. § 1367 we have jurisdiction over Plaintiff's claims against the remaining

---

[5] In any event, Plaintiff's attempt to remedy the inaccuracy with court pleadings does not excuse his negligence in filing the administrative claim. *See Le Grand v. Lincoln*, 818 F. Supp. 112, 115 (E.D. Pa. 1993) (dismissing plaintiff's complaint for lack of jurisdiction where plaintiff submitted an incomplete SF-50, and noting that "a plaintiff's negligence in submitting the claim form is inexcusable"); *Robinson v. United States Navy*, 342 F. Supp. 381, 384 (E.D. Pa. 1972) ("If plaintiff's administrative claim was insufficient through his own negligence, he must suffer the consequences.").

Defendants, US Systems, and Cintas. Section 1367(a) permits federal district courts "in any civil action of which the district courts have original jurisdiction" to exercise supplemental jurisdiction over state law claims related to the federal claims. 18 U.S.C. § 1367(a). The Amended Complaint alleges that both US Systems and Cintas are Pennsylvania corporations with principal places of business in Philadelphia, Pennsylvania. (Am. Compl. ¶¶ 2, 3.) Plaintiff resides in Philadelphia, Pennsylvania. (*Id*. at ¶ 1.) Plaintiff's only claim against US Systems and Cintas is a negligence claim. (*Id*. at ¶¶ 11, 12.) With the dismissal of Plaintiff's claim against the United States, no federal claim remains. There is neither diversity jurisdiction, nor federal question jurisdiction over Plaintiff's claim against US Systems and Cintas. Accordingly, the claims against US Systems and Cintas will be dismissed.

IV.   **CONCLUSION**

For the foregoing reasons, Defendant United States of America's Motion to Dismiss will be granted. The Court lacks jurisdiction over Plaintiff's claims against Defendants US Systems Plus and Cintas Corporation. The Amended Complaint will be dismissed in its entirety.

An appropriate Order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*

_____
**R. BARCLAY SURRICK, J.**